*13
SUMMARY ORDER

Plaintiffs-Appellants Paul Palley, pro se, and Mark Resnick, pro se, appeal from the January 28, 2008 judgment of the district court affirming the bankruptcy court’s order denying administrative-expense priority to their claims, which arose from trading gains earned after the bankruptcy petition was filed. We assume the parties’ familiarity with the underlying facts and the procedural history of this case.
In an appeal from a district court’s review of a bankruptcy court’s order, this Court reviews the bankruptcy court’s factual findings for clear error and reviews its legal conclusions de novo. In re World-Com, Inc., 546 F.3d 211, 216 (2d Cir.2008). The Bankruptcy Code grants priority to administrative expenses, see 11 U.S.C. § 507(a)(2), which include “the actual, necessary costs and expenses of preserving the estate,” id. § 508(b)(1)(A). Statutory priorities are narrowly construed and the person claiming priority bears the burden of proving his entitlement to it. See In re Bethlehem Steel Corp., 479 F.3d 167, 172 (2d Cir.2007). A claim will qualify for priority as an administrative expense only if it arises out of a transaction occurring after the bankruptcy petition was filed and if “the consideration supporting the claimant’s right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business.” See Trustees of the Amalgamated Ins. Fund v. McFarlin’s, Inc., 789 F.2d 98, 101 (2d Cir.1986) (internal quotation marks omitted).
Palley has failed to demonstrate his entitlement to administrative-expense priority because his post-petition trading did not benefit the bankruptcy estate. Any effect post-petition trading had on the debtor’s value to potential buyers was not beneficial to the estate because the anticipated sale never took place and, thus, the preservation of the debtor’s value was only a potential benefit. See, e.g., In re Mid Region Petroleum, Inc., 1 F.3d 1130, 1133 (10th Cir.1993). Although Palley argues that post-petition trading generated profits through fees, interest and the receipt of dividends, he did not present evidence of such profits before either the bankruptcy court or the district court. It is also uncontested that post-petition transactions used funds already in the bankruptcy estate, not new deposits. Palley presented no evidence that the debtor’s liabilities were decreased by post-petition trading, and he admits that its liabilities to him increased resulting from his trading gains. Because “on the entire evidence ... [we are not] left with the definite and firm conviction that a mistake has been committed,” In re CBI Holding Co., 529 F.3d 432, 449 (2d Cir.2008) (internal quotation marks omitted), the bankruptcy court’s finding that the debtor did not earn a profit from post-petition trading was not clearly erroneous.
[2] Although post-petition tort claims are given administrative priority, see Reading Co. v. Brown, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968), Pal-ley has not shown that the debtor committed tortious acts after the bankruptcy filing. Contrary to his contentions, the debtor’s various emails did not contain misrepresentations—they clearly indicated that customer access to their accounts was contingent on the completion of a sale of the debtor’s assets and contained no reference to administrative expense claims.
We have considered Palley’s other arguments and conclude that they are without merit.
Resnick has not submitted a brief. Palley is appearing pro se and therefore cannot represent Resnick on appeal. See 28 U.S.C. § 1654; Eagle Assocs. v. Bank *14 of Montreal, 926 F.2d 1305, 1308-10 (2d Cir.1991); Second Cir. Local Rule 46(d)(2). Resnick’s appeal is therefore dismissed.
Accordingly, the judgment of the district court is hereby AFFIRMED as to Palley, and the appeal of Resnick is hereby DISMISSED.